Joshua H. Haffner, Esq. SBN 188652
jhh@haffnerlawyers.com
Alfredo Torrijos, SBN 222458
at@haffnerlawyers.com
Vahan Mikayelyan, Esq. SBN 337023
vh@haffnerlawyers.com
**HAFFNER LAW PC**
15260 Ventura Blvd., Suite 1520
Sherman Oaks, California 91403
Tel: (213) 514-5681
Fax: (213) 514-5682

Attorneys for Amelia Rynkowska and
All others similarly situated

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMELIA RYNKOWSKA, an individual, on behalf of herself and all others similarly situated<br><br>Plaintiff,<br><br>v.<br><br>AETNA LIFE INSURANCE COMPANY,<br><br>Defendants. | CASE NO.:<br><br>**COMPLAINT FOR:**<br><br>**(1) BREACH OF PLAN (RECOVERY OF PLAN BENEFITS);**<br><br>**(2) BREACH OF FIDUCIARY DUTY AND EQUITABLE RELIEF UNDER AN ERISA PLAN [29 U.S.C. § 1132 (A)(3)]** |

-1-

**COMPLAINT**

Plaintiffs Amelia Rynkowska, on behalf of herself and all others similarly situated ("Plaintiff"), alleges based upon information and belief as follows:

**NATURE OF ACTION**

1.      Defendant Aetna Life Insurance Company ("Aetna") is in the business of insuring and/or administering group health plans within the meaning of 29 Code of Federal Regulations § 2560.503-1(m) (both fully insured and self-insured), most of which are employer-sponsored and governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, et seq ("Aetna plans").

2.      Plaintiffs bring this action to address Aetna's repeated violations of ERISA resulting from its systemic practice of improperly denying services for Advanced Reproductive Technology ("ART") on the ground the plan covers only In Vitro Fertilization ("IVF") fertility preservation.

3.      As a result of Defendant Aetna's wrongful conduct, policy benefits have been denied to Plaintiff and Class members.  In this action, Plaintiff seeks damages in connection with Defendant's wrongful conduct in denying her insurance policy benefits.

**JURISDICTION AND VENUE**

4.      This action is brought under 29 U.S.C. §§ 1132(a), (e), (f) and (g) as it involves a claim by Plaintiffs for employee benefits under an employee benefit plan regulated and governed by ERISA. Subject matter jurisdiction is predicated under these code sections as well as 28 U.S.C. § 1331 as this action involves a federal question.

5.      The Court has personal jurisdiction over Aetna because ERISA provides for nationwide service of process, and each defendant has minimum contacts with the United States. See 29 U.S.C. § 1132(e)(2).

6.      The claims of Plaintiffs and the putative class arise out of policies Aetna issued, administered, and/or implemented in this District. Moreover, Plaintiffs reside in this District. Thus, venue is proper in this judicial district

pursuant to 29 U.S.C. §1132(e)(2) (setting forth special venue rules applicable to ERISA actions).

## PARTIES

7.    Plaintiff Amelia Rynkowska is an individual residing in the State of California, City of Topanga. Plaintiff was at all relevant times covered under an Aetna plan arranged through her employer, plan sponsor Otherness Co.

8.    Plaintiff is informed and believes, and on that basis alleges, that Defendant Aetna Life Insurance Company is, and at all relevant times herein was, a corporation organized and existing by virtue of the laws of the State of Connecticut with its principal place of business in Hartford, Connecticut, and was authorized to transact, and was in fact transacting, the business of insurance in the State of California. Aetna administers and makes benefit determinations related to ERISA group health care plans around the country.

## FACTUAL ALLEGATIONS

9.    The Insurance Plan established by Otherness Co. was funded and administered by Aetna, Plan Sponsor Account Number 191750 ("Plan").

10.    Plaintiff paid all premiums due for the insurance coverage under the Plan.

11.    On July 20, 2023, Aetna Life Insurance Company wrongfully denied Infertility services reasoning that IVF services are not covered under terms of the plan.

12.    On December 19, 2023, Plaintiff timely appealed Aetna Life Insurance Company's wrongful denial of benefits.

13.    On January 23, 2024, Aetna Life Insurance Company Aetna rejected Plaintiff's appeal of the denial of her claim.

14.    The Insurance Plan  provides the following coverage for fertility services:

**Advanced reproductive technology (ART)**

Advanced reproductive technology**,** also called "assisted reproductive technology", is a more advanced type of **infertility** treatment. **Covered services** include the following service provided by an ART **specialist**:
• In vitro fertilization (IVF) for fertility preservation.
• Gamete intrafallopian transfer (GIFT).
• Cryopreservation (freezing) and storage for eggs, embryos, sperm or reproductive tissue for fertility preservation (Insurance policy, page 14.)

15.    The Policy contains exclusions which conflict with and/or create ambiguities as to the coverage for ART, GIFT, "Fertility Preservation," etc.  Thus, the Policy has a vague exclusion for "Infertility services associated with or in support of ART", "Professional Services", "Any related services, products or procedures", etc.  These exclusions conflict with the coverage provisions, would render fertility coverage substantially illusory and, at best, create an ambiguity, which cannot support the denial of coverage.

16.    This exclusions, which purport to take away coverage provided in other portions of the policy, was also not properly disclosed, was not conspicuous, plain, and clear, and is invalid and unenforceable.

17.    Defendant failed to fairly and reasonably investigate the claim, and failed to properly assess the coverage and provide benefits.  Defendant improperly and unreasonably failed to pay benefits under Plaintiff's claim under the coverage, in breach of the policy.

18.    Plaintiff is informed and believes, and thereon alleges, that Aetna has a pattern and corporate practice of denying requests for infertility IVF services on the grounds they are excluded under Aetna Plans, although the exclusion is invalid and unenforceable, as alleged herein.

19.     Plaintiffs have performed each and every obligation and condition required of them, save those that defendants have waived, forfeited and/or are estopped from asserting.

20.     The Plan required payment of benefits within the jurisdiction of the above-entitled Court for a total amount to be shown at the time of trial.

21.     The Plan was entered into within the jurisdiction of the above-entitled Court.

22.     The Plan calls for performance within the jurisdiction of the above-entitled Court.

23.     Plaintiff has pursued and exhausted all administrative appeals, which the Plan and Defendant denied.

## CLASS ACTION ALLEGATIONS

24.     Plaintiff bring this action on behalf of herself and all others similarly situated as a Class Action pursuant to Federal Rules of Civil Procedure Rule 23. Pursuant to Rule 23(b)(1) and (b)(2), Plaintiffs seek certification of a class defined as follows:

> All persons covered under Aetna Plans whose requests for Infertility services associated with or in support of an Advanced Reproductive Technology were denied at any time within the applicable statute of limitations, or whose requests for those services will be denied in the future, on the ground of absence of coverage.

25.     As used herein, "Aetna Plans" means any group health plan issued, insured, or administered by Aetna, which are  governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, et seq.

26.     Plaintiffs and the Class reserve the right under Federal Rule of Civil Procedure Rule 23(c)(l)(C) to amend or modify the class to include greater specificity, by further division into subclasses, or by limitation to particular issues.

**COMPLAINT**

27.     This action has been brought and may be properly maintained as a class action under the provisions of Federal Rules of Civil Procedure Rule 23 because there is a well-defined community of interest in the litigation and the proposed class is easily ascertainable.

**A. Numerosity**

28.     The potential members of the proposed class as defined are so numerous that joinder of all the members of the proposed class is impracticable. While the precise number of proposed class members has not been determined at this time, Plaintiffs are informed and believes that there are a substantial number of individuals covered under Aetna plans who have been similarly affected.

**B. Commonality**

29.     Common questions of law and fact exist as to all members of the proposed class.

**C. Typicality**

30.     The claims of the named Plaintiff are typical of the claims of the proposed class. Plaintiff and all members of the class are similarly affected by Aetna's wrongful conduct.

**D. Adequacy of representation**

31.     Plaintiff will fairly and adequately represent and protect the interests of the members of the proposed class. Counsel who represent Plaintiffs are competent and experienced in litigating large and complex class actions.

**E. Superiority of class action**

32.     A class action is superior to all other available means for the fair and efficient adjudication of this controversy. Individual joinder of all members of the proposed Class is not practicable, and common questions of law and fact exist as to all class members.

33.     Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the

parties and the judicial system. Plaintiffs are unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

### F. Rule 23(b) requirements

34.    Inconsistent or varying adjudications with respect to individual members of the class would establish incompatible standards of conduct for Aetna.

35.    Adjudications with respect to individual class members would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests.

36.    Aetna has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

## <u>FIRST CLAIM FOR RELIEF</u>

### FOR BREACH OF PLAN AND RECOVERY OF PLAN BENEFITS

37.    Plaintiffs re-allege and incorporate by reference the allegations contained in the preceding paragraphs of this complaint, as though fully set forth herein.

38.    29 U.S.C. § 1132(a)(1)(B) entitles Plaintiffs to recover benefits due and to enforce and clarify their rights to the benefits at issue.

39.    The Insurance Plan established by Otherness Co. was issued, insured, funded and/or administered by Aetna.

40.    Plaintiff paid all premiums due for the insurance coverage under the Plan.

41.    On July 20, 2023 Aetna Life Insurance Company wrongfully denied infertility services reasoning that the IVF services are not covered under terms of the plan.

42.    On December 19, 2023 Plaintiff appealed Aetna Life Insurance Company's wrongful denial of benefits.

43.    On January 23, 2024 Aetna Life Insurance Company Aetna rejected Plaintiff's appeal of the denial of her claim.

44.    Defendant Aetna wrongfully denied Plaintiff's claims, and denied Plaintiff's appeal, and has refused and failed to pay any benefits under the Plan for Plaintiff's requested infertility services.

45.    As a direct and proximate result of Defendant's refusal to honor the terms of the Plan, Plaintiff and the Class have suffered contractual damages and other damages and out-of-pocket expenses, including attorney fees and costs, all in a sum to be determined at the time of trial. As a direct, proximate and legal result of Defendants' breaches of the contracts, Plaintiff and the Class have been, and continue to be, damaged in an amount in excess of the jurisdictional limits of this Court, including but not limited to: the loss of benefits due under the contracts, loss of timely use of benefits, consequential damages including interest on monies Plaintiff and class members could and should have received promptly, but which it did not receive in a timely fashion as a result of Defendants' breach of contract, and other fees, expenses and costs to be proven at trial.

## SECOND CLAIM FOR RELIEF

## FOR BREACH OF FIDUCIARY DUTY AND EQUITABLE RELIEF UNDER AN ERISA PLAN [29 U.S.C. § 1132(A)(3)]

46.    Plaintiffs re-allege and incorporate herein by reference the allegations contained in the preceding paragraphs of this complaint, as though fully set forth herein.

47.    Aetna acts as ERISA fiduciary with respect to the administration and claims decisions under Aetna plans, such as the plans at issue, within the meaning of 29 U.S.C. § 1109(a) and 1002(21)(A). With respect to these plans, Aetna exercises discretionary authority or control respecting management of the plans,

and exercises authority and control respecting management or disposition of the plans' assets. Aetna has the authority, and actually exercise the authority, to make decisions on claims for benefits and appeals thereof, and to write checks for benefits.

48.    As alleged herein, Plaintiff's Aetna plan provides coverage for fertility services with Advanced reproductive technology (ART) that is covered under Plaintiff's Aetna plan. Plaintiff requested that Aetna authorize coverage for infertility services.

49.    As alleged herein, Aetna has a practice that denies all requests for infertility IVF services and asserts they are excluded under all Aetna Plan but the exclusions, which purport to take away coverage, are in conflict with other portions of the policy, would render coverage illusory, were not properly disclosed, were not conspicuous, plain, and clear, and/or are invalid and unenforceable.

50.    Pursuant to 29 U.S.C. § 1104(a), Aetna was required to discharge its fiduciary duties with respect to Aetna plans solely in the interest of the participants and beneficiaries and—

(A) for the exclusive purpose of:

     (i) providing benefits to participants and their beneficiaries; and

     (ii) defraying reasonable expenses of administering the plan;

(B) with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims;

... and

(D) in accordance with the documents and instruments governing the plan insofar as such documents and instruments are consistent with the provisions of this subchapter and subchapter III.

51.    Aetna has developed internal Clinical Policy Bulletins ("CPB"), that are written directives on coverage positions Aetna takes with respect to certain medical treatments.

52.    Aetna violated its duty to comply with plan terms under 29 U.S.C. §1104(a)(1)(D) by: (a) creating CPBs Follicle Puncture Oocyte Retrieval, any method (Code: 58970); US Guidance aspiration ova RS&I (Code: 76948); oocyte(s)/embryo(s) for a duration of culture of <4 days (Code: 89250); ASSTD embryo hatching microtqs, any method (Code: 89253); oocyte ID from follicular fluid (Code: 89254); Embryo cryopreservation (Code: 89258); Oocytes insemination (Code: 89268); extend cul oocyte embryo 4-7 days (Code: 89272); Storage Per Year Embryo (Code: 89342); and (b) instructing claims personnel to implement CPBs for claims for ADR infertility services and to deny those claims on the basis they are excluded under Policy in violation of 29 Code of Federal Regulations.

53.    Plaintiff and class members suffered damages as a result of Defendant's breach of fiduciary duty, including but not limited to, loss of benefits, and consequential damages.

54.    Pursuant to 29 U.S.C. § 1132(a)(3), Plaintiffs and the class members seek declaratory, equitable and remedial relief as follows:

    a) An order declaring that Aetna's denials of Plaintiff's and the class members' claims for ADR infertility services under absence of IVF coverage were wrong and improper;

    b) A class-wide injunction requiring Aetna to retract its above-mentioned CPBs that are implemented for claims for ADR infertility services and to deny those claims on the basis they are excluded under Policy;

    c) A class-wide injunction requiring Aetna to reform its claims adjudication process so as to adjudicate future claims without the erroneous denial of ADR infertility services;

d) A class-wide injunction requiring Aetna to reevaluate and reprocess prior denials without the erroneous denial basis;

e) An injunction requiring Aetna to provide notice of the reformation of its claims adjudication process for such claims in the form and manner required by ERISA to all class members;

f) Surcharge, including an accounting of any profits made by Aetna from the monies representing the improperly denied claims and disgorgement of any profits;

g) Such other equitable and remedial relief as the Court may deem appropriate; and

h) Attorneys' fees in an amount to be proven.

WHEREFORE, Plaintiff pray for Judgment against Defendant as follows:

## REQUEST FOR RELIEF

Wherefore, Plaintiffs and the Class pray for judgment against Aetna as follows:

1. Re-process and payment of the health benefits due to Plaintiff;

2. A clarification of rights to future benefits under the plan for all class members;

3. Injunctive and declaratory relief for all class members, as described above;

4. Surcharge, including an accounting of any profits made by Aetna from the monies representing the improperly denied claims and disgorgement of any profits;

5. Pursuant to 29 U.S.C. § 1132(g), payment of all costs and attorney fees incurred in pursuing this action;

6. Payment of prejudgment and post-judgment interest as allowed for under ERISA; and

**COMPLAINT**

1    7.    For such other and further relief as the Court deems just and proper.

2

3    DATED:  May 2, 2024                    HAFFNER LAW PC

4

5                                    By: _____

6                                         Joshua H. Haffner
                                          Alfredo Torrijos
7                                         Vahan Mikayelyan

8                                         Attorneys for Plaintiff and all
                                          Others similarly situated

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28